IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

KIRBY TATE                                                                                                 PETITIONER

VS.                                                 CIVIL ACTION NO. 4:06cv99-DPJ-JCS

JERRY PARKER                                                                            RESPONDENT

**REPORT AND RECOMMENDATION**

This is an action for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. It is presently before the undersigned pursuant to referral by the District Judge for reconsideration of Respondents' motion to dismiss the petition as untimely. Having considered Petitioner's brief in support of reconsideration, the state's response, and Petitioner's reply, the undersigned recommends that the motion be granted and that the petition be dismissed with prejudice as untimely.

Kirby Tate was convicted in 2003 in the Circuit Court of Lauderdale County of one count of delivery of marijuana and one count of possession of marijuana with intent to distribute. He was sentenced as an habitual offender to a term of sixty years on each count, the sentences to run concurrently, with no possibility of parole or early release. He appealed to the Mississippi Supreme Court, which affirmed his conviction and sentence. Petitioner, represented by counsel, then filed his initial habeas petition, raising the following grounds for relief: [1]

---

[1] The listing of Tate's claims set forth herein represents the undersigned's interpretation of the issues he has raised; it is not a verbatim recitation of the claims as set forth in his Petition.

The state failed to prove each element of the crimes charged.

The trial court erred in failing to direct a verdict of acquittal or granting judgment notwithstanding the verdict based upon evidence of entrapment.

The trial court erred in failing to instruct the jury on entrapment.

The trial court erred in admitting inflammatory and prejudicial testimony about previous convictions and arrests.

The trial court erred in excluding the exculpatory testimony of Brittany Warren.

The state improperly targeted him and set him up for prosecution and conviction.

His sentence is unconstitutional because the trial court erred in failing to submit to the jury the factual issues concerning his status as an habitual offender.

His right to a fair trial was violated by the cumulative effect of constitutional errors.

His trial counsel rendered ineffective assistance by failing to request a jury instruction on the defense of entrapment.

His trial counsel rendered ineffective assistance in failing to properly object to evidence of prior convictions and arrests.

His trial counsel rendered ineffective assistance in failing to move for a continuance or a mistrial after the trial court indicated it would not allow the testimony of Brittany Warren.

His trial counsel was ineffective in presenting evidence of entrapment to the jury.

The state filed a motion to dismiss the petition pursuant to 28 U.S.C. § 2244(d), the statute of limitations for federal habeas petitions. Tate responded to the motion with an argument that either statutory or equitable tolling applied to render his petition timely. His argument was that prison officials and the conditions imposed by his incarceration rendered it impossible for him and his attorney to meet the one-year deadline imposed by the statute. At this point, however, Petitioner began a series of filings which confused the procedural posture of this case at an ever-increasing rate. On the same day that he filed

2

his response to the motion to dismiss, Petitioner filed, without leave of court, an amended petition in which he asserted actual innocence as a new ground for habeas relief. Thereafter he also filed a motion to file documents under seal, stating that the documents contained new exculpatory evidence that he desired the court to review. The undersigned denied the motion, noting that because of the pending motion to dismiss, the merits of Tate's petition were not before the court but that should the motion to dismiss be denied, the motion to file documents under seal could be reurged. The undersigned then entered a report and recommendation on the motion to dismiss, recommending dismissal of the petition as time-barred. While the report and recommendation was pending before the district judge, Petitioner presented to the undersigned an *ex parte* motion to seal, accompanied by documents purporting to establish his innocence. The undersigned took no action on this motion, believing it to be a duplicate of the motion that had already been denied. Meanwhile, Tate filed objections to the report and recommendation, again arguing the applicability of equitable and statutory tolling because of impediments to his and his attorney's ability to file his petition within the one-year deadline. The district judge adopted the report and recommendation and dismissed the petition as time-barred.

Petitioner filed a notice of appeal and sought a certificate of appealability from this court. In his motion for a certificate of appealability, Tate for the first time articulated an argument in which he attempted to use his claim of actual innocence as a means of circumventing the statute of limitations problem. Specifically, he argued that he was entitled to the exception set forth in § 2244(d)(1)(D), which allows the one-year limitations period to be calculated from "the date on which the factual predicate of the claim or

3

claims presented could have been discovered through the exercise of due diligence." On June 28, 2007, the District Judge entered an order construing the motion for a certificate of appealability as a motion for reconsideration of the dismissal and granted the motion. In the order, the District Judge remanded the matter to the undersigned "for consideration of Petitioner's claim that one or more of his claims falls under 28 U.S.C. § 2244(d)(1)(D)." Ultimately, after a number of further procedural twists and turns, an order was entered by the Fifth Circuit Court of Appeals noting that because of the pendency of the appeal, the district court had been without jurisdiction to reconsider the dismissal and set aside the judgment. The Court of Appeals then construed the district's court order of June 28, 2007, as a request to the Fifth Circuit for remand and for authorization to vacate the final judgment and conduct further proceedings. This request was granted, and the case was remanded to this court. Thus, the statute of limitations issue is once again before the undersigned, this time for the limited purpose of determining the applicability of 28 U.S.C. § 2244(d)(1)(D). The parties have extensively briefed this issue. Having considered the memoranda of the parties, the undersigned once again recommends that the Petition be dismissed as time-barred.

The problems with Tate's attempt to raise actual innocence as ground for habeas relief for which he has discovered new evidence under 2244(d)(1)(D) are several. First, this allegation of innocence fails to state a ground for habeas relief at all. It is well-established in this circuit that actual innocence does not provide an independent basis for habeas relief. *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009); *Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003). Rather, a habeas petitioner who claims he is innocent

4

of the crime of conviction must identify a specific constitutional violation which renders his conviction unconstitutional. This rule is consistent with the limited purpose of habeas review: to determine whether a constitutional violation has infected the trial, not whether an innocent person has been wrongfully convicted. *See Herrera v. Collins*, 506 U.S. 390, 401 (1993) (habeas review concerns "not the petitioners' innocence or guilt but solely whether their constitutional rights have been preserved") (quoting *Moore v. Dempsey*, 261 U.S. 86, 87-88 (1923)). Thus, because Tate's allegations of actual innocence do not state a cognizable claim for habeas relief, the exception set forth in § 2244(d)(1)(D) is inapplicable.[2]

Tate also argues that his showing of actual innocence provides a gateway through which his time-barred constitutional claims may pass. This issue was not raised before the District Judge and was not included in the area of inquiry for which this matter was remanded to the undersigned. However, because of its close relationship with Petitioner's attempt to assert actual innocence as a new ground for relief, the undersigned concludes that it should be addressed. The Supreme Court has indicated that while actual innocence cannot be a "stand-alone" constitutional claim, it may provide a gateway by which some otherwise barred claims may be considered on the merits

---

[2]Even if Tate's actual innocence argument raised a new claim that was not otherwise barred, it could not provide a basis for relief in this court unless and until he has exhausted it in state court. Indeed, if Tate truly has new, credible evidence establishing his innocence, state court appears to provide the most likely path to a reversal of his conviction. Miss. Code § 99-39-27(9) permits the filing of a successive application for post-conviction relief where the prisoner "can demonstrate . . . that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result."

5

under the "fundamental miscarriage of justice" exception. *Schlup v. Delo*, 513 U.S. 298 (1995). The "fundamental miscarriage of justice" principle operates as an exception to the general rule that claims which have been procedurally defaulted in state court may not be heard on habeas review. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (state procedural default will be excused if the petitioner can show either cause and prejudice for his procedural default or that failure to consider the claim will result in a fundamental miscarriage of justice). In order to meet the "fundamental miscarriage of justice" exception, a prisoner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327. However, there is no "miscarriage of justice" or "actual innocence" exception set forth in § 2244(d) and no authority for its application as an extra-statutory exception. Indeed, this is conclusion reached by the Fifth Circuit in the unpublished opinion of *Ford v. Johnson*, 2001 WL 803555, at *5 (5th Cir. 2001) (stating that "best evidence that Congress did not intend such an exception is that it simply is not there."). Neither does the case law in this circuit support the use of actual innocence as a basis for equitable tolling of the limitations period. *See Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *Felder v. Johnson*, 204 F.3d 168, 171 & n. 8 (5th Cir. 2000); *see also United States v. Riggs*, 314 F.3d 796, 800 n. 9 (5th Cir. 2002) (claims of actual innocence not relevant to timeliness of petition under 28 U.S.C. § 2255 (citing *Cousin*, 310 F.3d at 849)). Thus, Tate's presentation of new evidence allegedly proving his innocence provides no help to him in his attempts to circumvent the one-year limitations period.

Finally, Petitioner in his briefs attempts to once again raise the issue of statutory

6

tolling under § 2244(d). This issue was addressed in the previous report and recommendation, with the undersigned finding that Tate had failed to establish that a state-created impediment prohibited him from filing his habeas petition within the one-year limitations period. It was previously considered by the undersigned and by the district court, was not included in the referral order of the District Judge and therefore will not be revisited at this stage of the proceedings.[3]

For these reasons, as well as the reasons set forth in the previous report and recommendation, the undersigned recommends that Tate's petition be dismissed as untimely under 28 U.S.C. 2244(d). The parties are hereby notified that failure to file written objections to the findings and recommendations contained in this report on or before April 20, 2009, will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 1st day of April, 2009.

/s/ James C. Sumner

UNITED STATES MAGISTRATE JUDGE

---

[3]Petitioner raises for the first time in his reply brief yet a new allegation of a state-created impediment to his timely filing of a habeas petition, arguing that the state suppressed exculpatory evidence and that this qualifies as a basis for statutory tolling. Petitioner cannot continually raise new arguments and expect them to be considered by the court. Even so, the undersigned notes that this argument is patently without merit. First of all, Petitioner has failed to show how such an action could have *prevented* him from filing his habeas petition. Furthermore, Tate has identified no evidence whatsoever in support of this allegation.

7